## Robert Inkster v. Elizur Carver.

*Taxation of costs.*   Under the Law of 1867, p. 84, regulating taxed costs, held as
    follows:
    1.  That the statute allows a trial fee for each trial of a cause, whether the
    jury did or did not agree, and however often the cause may be tried.
    2.  Where a nonsuit, entered at a previous term, is set aside upon payment
    of costs, and nothing further done with the case at that term, no term fee is
    allowab'e, as the cause can not be regarded as one which was regularly on the
    calendar for hearing at the term; it not being in condition to be heard till the
    nonsuit was set aside.
    3.  The actual expense of making a transcript of the record for the printer,
    where the rules require printing, is a proper charge, if made in good faith for
    that purpose; notwithstanding it may have been made by some other person
    than the clerk of the court.
                                            *Heard and decided April 28th.*

Case made from Wayne Circuit.

Judgment having been rendered in this cause, the case came before the court for argument on an appeal from taxation of costs by the clerk.

Several items in the bill of costs having been disputed, the court gave the following construction to the law of *1867, p. 84,* regulating taxation of costs.

1.  That the statute allows a trial fee for each trial of a cause, whether the jury did or did not agree, and however often the cause may be tried.

2.  Where a nonsuit, entered at a previous term, is set aside upon payment of costs, and nothing further done with the case at that term, no term fee is allowable, as the cause can not be regarded as one which was regularly on the calendar for hearing at the term: it not being in condition to be heard till the nonsuit was set aside.

3.  The actual expense of making a transcript of the record for the printer, where the rules require printing, is a proper charge, if made in good faith for that purpose; notwithstanding it may have been made by some other person than the clerk of the court.

*H. M. Cheever,* for plaintiff.

*Ward & Palmer,* for defendant.